IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| PEAKOPIA, LLC, a Texas limited liability company;<br><br>Plaintiff,<br><br>vs.<br>MUNOZ FRESH PRODUCE LLC; MARLENE SANTOS; and DELENEY SANTOS;<br><br>Defendants. | 8:25CV664<br><br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court after review of the docket. On November 18, 2025, Plaintiff, Peakopia, LLC ("Peakopia"), commenced this action against Munoz Fresh Produce LLC ("Munoz Produce") and its two members/owners, Marlene Santos ("Marlene") and Deleney Santos ("Deleney"), for failure to pay for perishable agricultural commodities purchased from Peakopia. (Filing No. 1). Peakopia also filed a motion for preliminary injunction to protect its rights under the Perishable Agricultural Commodities Act of 1930 ("PACA"). (Filing No. 9).

Peakopia's counsel requested and was issued summons for Munoz Produce "by serving Deleney R. Santos, its Registered Agent, 6304 S. 23rd Street, Omaha, NE 68107; or any other person authorized to accept service of process under Nebraska law; principal office address of: 5934 S 25th Street, Omaha, NE." (Filing No. 6 at p. 1). The summons for Deleney was issued for "6304 S. 23rd Street, Omaha, NE 68107; or any other person authorized to accept service of process under Nebraska law." (Filing No. 6 at p. 3). The summons for Marlene was issued for her "or any other person authorized to accept service of process under law," and did not contain an address. (Filing No. 6 at p. 6).

On January 31, 2026, Peakopia filed three summons returns, one for each defendant. (Filing Nos. 12-13). An authorized individual over the age of 18-years old filed sworn affidavits of service stating that the complaint, summons, and motion for preliminary injunction and supporting documents were served upon "Jo Santos, Dock, who stated she was able to accept all service" at 5934 S 25th Street, Omaha, Nebraska, on January 15, 2026, at 10:42 a.m. (Filing Nos. 12-13). To date, no defendant has filed an answer or otherwise appeared in this action. Peakopia

obtained clerk's entry of default against all three defendants, (Filing No. 16), and has now moved for default judgment (Filing No. 17).

However, after review of the summons returns, the Court has reservations that service of process was properly accomplished upon Marlene and Deleney as individually named defendants. Rule 4(e) of the Federal Rules of Civil Procedure provides than an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, Peakopia did not deliver the summons and complaint to Marlene and Deleney personally, as the summons return states they were delivered to an individual identified as "Jo Santos." See Fed. R. Civ. P. 4(e)(2)(A). It also appears that the summons and complaint were delivered to Munoz Produce's business address rather than a "dwelling or usual place of abode" of the individual defendants. See Fed. R. Civ. P. 4(e)(2)(B); see also 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1096 (4th ed.) ("[S]ervice of the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)(B).").

There is also no indication that "Jo Santos" is "an agent authorized by appointment or by law to receive service of process" for Deleney or for Marlene. See Fed. R. Civ. P. 4(e)(2)(C). Delivery upon an "agent authorized by appointment or by law" requires "an actual appointment for the specific purpose of receiving process[.]" 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1097 (4th ed.); see also McCombs v. Granville Exempted Vill. Sch. Dist., No. 2:07-CV-00495, 2009 WL 467066, at *4 (S.D. Ohio Feb. 24, 2009) ("[I]n the absence of an actual appointment, service of process is ineffective."). "Service must be personal, and it is not proper if served on a coworker or supervisor." Zaritz v. Vest, No. 2:24-CV-00018 AGF, 2024 WL 2975748, at *2 (E.D. Mo. June 13, 2024) (citing Strahan v. Fibbs, et al., Case No. 1:21-CV-

28-SNLJ, 2022 WL 13689568 (E.D. Mo. Oct. 21, 2022); *see also*, *Johnson v. Johns*, No. CIV-10-361-F, 2011 WL 1304268, at \*2 (W.D. Okla. Mar. 4, 2011), *report and recommendation adopted*, No. CIV-10-0361-F, 2011 WL 1258354 (W.D. Okla. Apr. 1, 2011) ("[N]either federal nor state law allow for a plaintiff to accomplish service of process by leaving a copy of the summons and complaint with someone other than defendant at her place of employment.").

It also does not appear that Peakopia's service of process by leaving the documents with another employee at Munoz Produce's business address comports with Nebraska law. See Fed. R. Civ. P. 4(e)(1). Under the Nebraska law, "An individual party . . . may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01. Under Nebraska law, "Personal service" is "made by leaving the summons with the individual to be served;" "Residence service" is "made by leaving the summons at the usual place of residence of the individual to be served, with some person of suitable age and discretion residing therein;" and "a designated delivery service means a delivery service designated as such pursuant to 26 U.S.C. 7502(f) and a signed delivery receipt includes an electronic or facsimile receipt with an image of the recipient's signature."[1] Neb. Rev. Stat. § 25-505.01(1). Peakopia's service of the summons and complaint upon "Jo Santos" at Munoz Produce's place of business does not appear to comport with any of the methods of serving an individual under Nebraska law.

A district court does not have jurisdiction over an improperly served defendant, "whether or not [the defendant] had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996) (citing *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)). Under the circumstances, the Court will direct Peakopia to show cause that the individually named defendants were properly served under Rule 4(e) of the Federal Rules of Civil Procedure or take other appropriate action. Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **April 30, 2026,** to show cause that the individual defendants, Marlene Santos and Deleney Santos, were properly served or take other appropriate action.

---

[1] A party may also be served by "designated delivery service upon an agent authorized by appointment or by law to receive service of process," Neb. Rev. Stat. § 25-514.01, but the agent must actually be appointed to receive service, such as an agent operating under a power of attorney or an attorney whose client specifically authorized acceptance of process, or an agent authorized by law under statute. See John Lenich, Nebraska Practice Series, Civil Procedure, Service on agent, 5 Neb. Prac., Civil Procedure § 10:14 (March 2026 Update). Peakopia also did not use a "designated delivery service" as defined by Nebraska statute.

Dated this 9th day of April, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge