IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PEAKOPIA, LLC,

              Plaintiff,

      v.

MUNOZ FRESH PRODUCE LLC,
MARLENE SANTOS, DELENEY
SANTOS,

              Defendants.

**8:25CV664**

**ORDER**

This matter is before the Court on the Clerk of Court's February 13, 2026, Entry of Default (Filing No. 16) as to individual defendants Marlene Santos and Deleney Santos (together, the "individual defendants"). In moving for entry of default (Filing No. 15), plaintiff Peakopia, LLC ("Peakopia") asserted that the individual defendants were each "served with the Complaint and Summons" on January 15, 2026. Based on that assertion and the individual defendants' purported failure "to plead or otherwise defend" this case as required by Federal Rule of Civil Procedure 55(a), the Clerk of Court entered default against the individual defendants.

It turns out Peakopia was mistaken about having timely served the individual defendants with process. In response to the Court's Order to Show Cause Regarding Service of Individual Defendants (Filing No. 20), Peakopia conceded (Filing No. 21) that, at the time it obtained the entry of default, it had not properly served the individual defendants under Federal Rule of Civil Procedure 4(e) "or applicable Nebraska law." The Court has given them additional time to complete service of process.

Given Peakopia's concession and the timing of events, the Court finds that Peakopia's motion for default against the individual defendants was premature and the subsequent entry of default against them was improper. Under the federal rules, a motion

for default judgment "may be granted only in those instances in which 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend'" the action. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (quoting Fed. R. Civ. P. 55(a)). "If the party against whom a default judgment is sought" has no obligation "to 'plead or otherwise defend' the action,"—for instance, if they admittedly haven't been properly served—the Court should not grant a default judgment against them. *Id.*; *see also Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) ("[W]here, as here, the plaintiffs cannot make . . . a showing [that the defendant failed to plead or defend], because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper.").

Because Peakopia had not properly served the individual defendants before obtaining an entry of default, the Clerk of Court's February 13, 2026, Entry of Default (Filing No. 16) is hereby set aside.

IT IS SO ORDERED.

Dated this 29th day of June 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2