**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **PEAKOPIA, LLC, a Texas limited liability company;**<br><br>**Plaintiff,**<br><br>vs.<br>**MUNOZ FRESH PRODUCE LLC; MARLENE SANTOS; and DELENEY SANTOS;**<br><br>**Defendants.** | **8:25CV664**<br><br>**SECOND ORDER TO SHOW CAUSE** |

This matter comes before the Court after review of the plaintiff's proof of service for the defendants.  (Filing No. 12; Filing No. 23; Filing No. 24).

The Court previously set forth the procedural history in its Order to Show Cause dated April 9, 2026.  (Filing No. 20).  On November 18, 2025, Plaintiff, Peakopia, LLC ("Peakopia"), commenced this action against Munoz Fresh Produce LLC ("Munoz Produce") and its two members/owners, Marlene Santos ("Marlene") and Deleney Santos ("Deleney"), for failure to pay for perishable agricultural commodities purchased from Peakopia.  (Filing No. 1).  Peakopia also filed a motion for preliminary injunction to protect its rights under the Perishable Agricultural Commodities Act of 1930 ("PACA").  (Filing No. 9).

On November 18, 2025, Peakopia's counsel requested and was issued summons for Munoz Produce "by serving Deleney R. Santos, its Registered Agent, 6304 S. 23rd Street, Omaha, NE 68107; or any other person authorized to accept service of process under Nebraska law; principal office address of: 5934 S 25th Street, Omaha, NE."  (Filing No. 6 at p. 1).  Peakopia also requested and was issued summonses for Marlene and Deleney.  (Filing No. 6 at pp. 3-5).

On January 31, 2026, Peakopia filed a summons return for each defendant.  (Filing Nos. 12-13).  An authorized individual over the age of 18-years old filed sworn affidavits of service stating that the complaint, summons, and motion for preliminary injunction and supporting documents were served upon "Jo Santos, Dock, who stated she was able to accept all service" at 5934 S 25th Street, Omaha, Nebraska, on January 15, 2026, at 10:42 a.m.  (Filing Nos. 12-13).

On April 9, 2026, the Court entered an Order to Show Cause after finding Peakopia's proof of service as to Deleney and Marlene was insufficient.  (Filing No. 20).  Specifically, the Court found neither Rule 4(e) of the Federal Rules of Civil Procedure nor Nebraska law permits service of process of an individual by delivering summons and a copy of the complaint to a third party at the individual's place of employment.  See Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01.

On April 30, 2026, Peakopia filed a timely response to the Court's Show Cause Order, and requested an extension of time to properly serve the individual defendants.  (Filing No. 21).  The Court found good cause to grant Peakopia's request, and extended the time to complete service of process upon Marlene and Deleney to June 30, 2026.  (Filing No. 22) (citing Fed. R. Civ. P. 4(m)).

On June 8, 2026, Peakopia filed two "Affidavits of Service of Process Server," in which the process server affirms that on June 2, 2026, a copy of the summons, complaint, and other documents filed in this case were hand delivered to "Anna Santos," the sister of Deleney Santos and daughter of Marlene Santos, at "3505 S. 82nd Street, Omaha, NE."  (Filing No. 23; Filing No. 24).  Neither Marlene nor Deleney have filed responsive pleadings or otherwise appeared in this case.

The Court finds that issues remain with Peakopia's latest proof of service.  Under the Nebraska law, "An individual party . . . may be served by personal, residence, certified mail, or designated delivery service."  Neb. Rev. Stat. § 25-508.01.  "Residence service" is  "made by leaving the summons at the usual place of residence of the individual to be served, with some person of suitable age and discretion residing therein[.]"  Neb. Rev. Stat. § 25-505.01(1); see also Fed. R. Civ. P. 4(e)(2)(B).  Here, the record does not reflect whether the 3505 S. 82nd Street, Omaha, Nebraska address is "the usual place of residence" of Deleney and Marlene.  Nor does the record contain evidence to indicate whether Anna Santos is a "person of suitable age and discretion residing therein."

Additionally, the Clerk of Court issued summonses for all three defendants on November 18, 2025.  (Filing No. 6).  Peakopia returned those summonses on January 31, 2026.  (Filing Nos. 12-15).  Following the Court's Order to Show Cause dated April 9, 2026, (Filing No. 20), Peakopia did not request new summons for the defendants.  Therefore, it is unclear how summons were again served upon the individual defendants and returned on June 8, 2026, because Peakopia did not request and was not issued new summons.  (Filing Nos. 23-24). To the extent Plaintiff reprinted copies of the summons issued on November 18, 2025, Neb Rev. Stat. § 25-507.01(1) provides,

2

"*Within twenty days after the date of issue*, the person serving the summons . . . shall make proof of service to the court[.]"  Accordingly, on the record before the Court, it cannot ascertain whether Deleney and Marlene have been properly served.

Finally, after closer review of the Affidavit of Service for Munoz Produce (Filing No. 12), the Court also has concerns that the corporate defendant was not properly served.  As previously stated, the Affidavit of Service for Munoz Produce states that a copy of the summons and complaint were delivered to "Jo Santos, Dock, who stated she was able to accept all service" at 5934 S 25th Street, Omaha, Nebraska, on January 15, 2026, at 10:42 a.m.  (Filing No. 12).  Under Nebraska law, "A corporation may be served by personal . . . service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office."  Neb. Rev. Stat. § 25-509.01.  The Court has no information that "Jo Santos, Dock"[1] is an "officer, director, managing agent, or registered agent" of Munoz Produce as required by Neb. Rev. Stat. § 25-509.01.  Additionally, according to the Nebraska Secretary of State online Corporate & Business Search, Deleney Santos is Munoz Produce's Registered Agent; Munoz Produce's Registered Office Address is 6304 S. 23rd St., Omaha, Nebraska; and Munoz Produce's Principal Office Address is 5934 S 25th Street, Omaha, Nebraska.  The Affidavit of Service states summons and the complaint were delivered to 5934 S 25th Street, Omaha, Nebraska—Munoz Produce's Principal Office—rather than its Registered Office as required by Neb. Rev. Stat. § 25-509.01.  Because the record does not establish that "any officer, director, managing agent, or registered agent" of Munoz Produce was served, or that process was left at the "corporation's *registered* office," the Court cannot ascertain whether Munoz Produce has been properly served.  Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **July 22, 2026,** to show cause that the defendants were properly served or take other appropriate action.

Dated this 1st day of July, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] The Court presumes, but is not certain, that "Worker" was omitted after "Dock."