**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **PEAKOPIA, LLC, a Texas limited liability company;**<br><br>**Plaintiff,**<br><br>**vs.**<br>**MUNOZ FRESH PRODUCE LLC; MARLENE SANTOS; and DELENEY SANTOS;**<br><br>**Defendants.** | **8:25CV664**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion for Extension of Time to Complete Service and to Authorize Alternative Service on Marlene Santos and Deleney Santos (Filing No. 36) filed by Plaintiff, Peakopia, LLC ("Peakopia"). Peakopia moves the Court for an order (1) extending the deadline to complete service of process on Defendants Marlene Santos and Deleney Santos, and (2) authorizing alternative service on those Defendants by leaving the process at their usual place of residence and mailing a copy by first-class mail to their last-known address.

Peakopia commenced this action against Munoz Fresh Produce LLC ("Munoz Produce") and its two members/owners, Marlene Santos ("Marlene") and Deleney Santos ("Deleney"), for failure to pay for perishable agricultural commodities purchased from Peakopia. (Filing No. 1). Peakopia also filed a motion for preliminary injunction to protect its rights under the Perishable Agricultural Commodities Act of 1930 ("PACA"). (Filing No. 9). The Court has previously set forth the procedural history in its various orders regarding Peakopia's attempts to serve the defendants. See, e.g., Filing Nos. 20, 27, 29.

Following the Court's July 16, 2026, Order extending the time to serve the defendants to August 28, 2026, (Filing No. 29), Peakopia requested, and the Clerk issued, summonses for Marlene and Deleney, each directed at their confirmed residence, 3505 S. 82nd Street, Omaha, Nebraska 68124. (Filing Nos. 31-32). Peakopia engaged a licensed process server to personally serve Marlene and Deleney. (Filing No. 36-1). The process server attempted service at their residence on July 25, 2026, at 12:14 p.m.; July 27, at 6:05 p.m.; and July 29, at 6:19 p.m., but no one answered the door on any of those occasions. During the process server's attempts to serve,

two vehicles bearing Nebraska license plates and both registered to Marlene were parked in the driveway. (Filing No. 36-1 at pp. 21-22). Peakopia also attempted to serve Marlene and Deleney by certified mail. Both mailings were delivered with return receipt requested, but no signed receipt has been returned. (Filing No. 36-1 at pp. 24-32). Peakopia now requests a short extension of time to complete service upon Marlene and Deleney by leaving process at their usual place of residence, 3505 S. 82nd Street, Omaha, Nebraska 68124, and by mailing a copy of the process by first-class mail to that last-known address. (Filing No. 36).

Under Nebraska law, "An individual party . . . may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01. Upon a plaintiff's showing that "service cannot be made with reasonable diligence by any other method provided by statute," Nebraska law permits a court to authorize the plaintiff to use an alternative form of service of process, including "leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address," or "by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard." Neb. Rev. Stat. § 25-517.02.

After review of Peakopia's motion, brief, and supporting declaration and documents (Filing No. 36 and its attachments), the Court finds Peakopia has diligently attempted to serve Marlene and Deleney Santos by traditional means. Peakopia previously engaged a process server who left summons and a copy of the complaint with Anna Santos, a relative of the defendants who resides at the same address, on June 2, 2026. (Filing Nos. 23-24). Neither defendant filed a responsive pleading or otherwise appeared in this case. Thereafter, on July 25, 2026, Peakopia engaged a process server, who made several attempts to serve Marlene and Deleny at their residence at times of day when the process server saw evidence that the defendants were home, but no one answered to the door. Certified mail delivered to Marlene and Deleney has remained unsigned. Thus, it is apparent Peakopia has attempted to serve Marlene and Deleney by traditional means, but has been unable to serve them due to their evasion of process. Accordingly, the Court will grant Peakopia's request to serve Marlene and Deleney by leaving process at their usual place of residence, 3505 S. 82nd Street, Omaha, Nebraska 68124, and by mailing a copy of the process by first-class mail to their last-known address. For good cause shown, the Court will also extend the deadline for Peakopia to complete service of process by 14-days. See Fed. R. Civ. P. 4(m) (directing the court

to extend the time for service of process for an appropriate period upon the plaintiff's showing of good cause). Upon consideration,

**IT IS ORDERED:**

1. Plaintiff's Motion for Extension of Time to Complete Service and to Authorize Alternative Service on Marlene Santos and Deleney Santos (Filing No. 36) is granted.
2. Plaintiff is given leave to serve Defendants Marlene Santos and Deleney Santos by leaving process at their usual place of residence, and mailing a copy of the process by first-class mail to the defendants' last-known address. Plaintiff shall include a copy of this Memorandum and Order with process.
3. For good cause shown, Plaintiff shall have an extension of time to **September 18, 2026**, to accomplish service upon Defendants Marlene Santos and Deleney Santos. See Fed. R. Civ. P. 4(m).

Dated this 1st day of September, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge